KLINE & SPECTER
A PROFESSIONAL CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 1 8 2004
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| THADDEUS WILLIAM GROHOSKI and STEPHANIE ANN WELLER, individually and as Co-Administrators of the Estate of Ashley Marie Grohoski, deceased 1311 East Philadelphia Avenue Gilbertsville, PA 19525 and 906 Township Line Road Phoenixville, PA 19460 vs. WYNDHAM INTERNATIONAL, INC. Suite 6001 1950 Stemmons Freeway Dallas, TX 75207 and TEMPUS RESORTS INTERNATIONAL, LTD. 7380 W. Sand Lake Road Suite 600 Orlando, FL 32819 and WYNDHAM VACATION OWNERSHIP 5422 Carrier Drive, Suite 100 Orlando, FL 32819 and WYNDHAM PALMS RESORT MANAGEMENT, INC. 16554 Crossings Blvd. Suite 103 Clermont, FL 34711 and TEMPUS PALMS INTERNATIONAL, LTD. 7900 Palms Parkway Kissimmee, FL 34747-2501 and TEMPUS PALMS INTERNATIONAL, LTD. 7380 W. Sand Lake Road Suite 600 Orlando, FL 32819 and TEMPUS PALMS INTERNATIONAL, INC. 7900 Palms Parkway Kissimmee, FL 34747-2501 | CIVIL ACTION<br><br>DOCKET NO. 04cv 3949<br><br>JURY TRIAL DEMANDED<br><br>6:05-cv-540-ORC-31KRS |

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

    and : 
TEMPUS PALMS INTERNATIONAL, INC. : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
TEMPUS RESORTS 2001, LTD : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
TPI HOLDINGS, LLC : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
TPI HOLDINGS, INC. : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
TEMPUS RESORTS MANAGEMENT, LTD. : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
TEMPUS INTERNATIONAL MARKETING : 
ENTERPRISES, LTD. : 
7380 W. Sand Lake Road Suite 600 : 
Orlando, FL 32819 : 
    and : 
JOHN DOE COMPANIES (1-10) d/b/a WYNDHAM : 
PALMS RESORT AND COUNTRY CLUB : 
7900 Palms Parkway : 
Kissimmee, FL 34747-2501 : 

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their attorneys, Thomas R. Kline, Esquire, Matthew A. Casey, and, Kline & Specter, A Professional Corporation, hereby aver as follows:

1. This action is brought in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds

2

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

the sum or value of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and is a controversy between citizens of different states; the plaintiffs are citizens of the Commonwealth of Pennsylvania and the defendants are citizens of the states of Texas and Florida; the amount in controversy also exceeds the arbitration limits.

2. This cause of action arises from events which occurred August 21, 2002, where plaintiff's decedent, Ashley Marie Grohoski, was caused to suffer horrific pain and suffering, and ultimately death, as a result of defendants' negligent and reckless conduct in the operation of a Kissimmee, Florida resort.

3. Plaintiff, Thaddeus William Grohoski ("parent-plaintiffs"), is a citizen of the Commonwealth of Pennsylvania and resides at 2101 Royal Court, Limerick, PA 19468. Parent-plaintiff is the natural father and Co-Administrator of the Estate of Ashley Marie Grohoski, deceased.

4. Plaintiff, Stephanie Ann Weller ("parent-plaintiffs"), is a citizen of the Commonwealth of Pennsylvania and resides at 1311 East Philadelphia Avenue, Gilbertsville, Pa 19525. Parent-plaintiff is the natural mother and Co-Administrator of the Estate of Ashley Marie Grohoski, deceased.

5. On December 18, 2002, the Register of Wills, Montgomery County, Pennsylvania, granted Letters of Administration to Ashley's parents, entitling them to serve as Co-Administrators of their deceased daughter's estate. See Certificate of Grant of Letters, attached hereto and marked as Exhibit "A".

6. Defendant, Wyndham International, Inc. ["Wyndham International"], is a Texas corporation or other jural entity with a principal place of business located at 1950 Stemmons Freeway, Suite 6001, Dallas, TX 75207, and at all times material hereto, in coordination with defendant Tempus Resorts International, Ltd., ["Tempus"], defendant Wyndham Vacation Ownership ["Vacation

3

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Ownership"], defendant Wyndham Palms Resort Management, Inc., ["Wyndham Resort"], defendant Tempus Palms International, Ltd. ["Tempus Palms"], defendant Tempus Palms International, Inc., ["Tempus Palms, Inc."], defendant Tempus Resorts Management, Ltd. ["Tempus Resorts"], defendant TPI Holdings, LLC ["TPI"], defendant TPI Holdings, Inc. [TPI Inc.], defendant Tempus Resorts 2001, Ltd., [Tempus 2001], defendant Tempus International Marketing Enterprises Ltd., ["Tempus Marketing"], and defendant John Doe Companies (1-10) d/b/a Wyndham Palms Resort and Country Club ["Resort"], developed, owned, controlled, operated, operated, and/or managed the Wyndham Palms Resort and Country Club ["Wyndham Palms"] at 7900 Palms Parkway, Kissimmee, Florida 34747 and, therefore, owed a duty of reasonable care to all invitees on the subject premises, including Ashley Marie Grohoski, deceased.

7. Defendant, Tempus Resorts International, Ltd., ["Tempus"], is a Florida corporation or other jural entity with a principal place of business located at 7380 W. Sand Lake Road Suite 600 Orlando, FL 32819, and at all times material hereto, in coordination with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms at 7900 Palms Parkway, Kissimmee, Florida 34747 and, therefore, owed, together with these defendants, a duty of reasonable care to all invitees on the subject premises, including Ashley Marie Grohoski, deceased. Defendant Tempus functions as the time-share division of defendant Wyndham International and, in this capacity, manages the Wyndham Palms location where the subject accident that gives rise to this claim took place.

8. Defendant, Wyndham Vacation Ownership ["Vacation Ownership"] is a Florida corporation or other jural entity with a principal place of business at 5422 Carrier Drive, Suite 100, Orlando, Florida 32819. Defendant Vacation Ownership, with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms location where the subject

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

accident that gives rise to this claim took place. Defendant Tempus is the exclusive sales, marketing, development, and servicing company for defendant Vacation Ownership.

9. Defendant, Wyndham Palms Resort Management, Inc. ["Wyndham Resort"] is a Florida corporation or other jural entity with a principal place of business at 16554 Crossing Blvd., Suite 103, Clermont, FL 34711. Defendant Wyndham Resort, with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms location where the subject accident that gives rise to this claim took place. Defendant Tempus is the exclusive sales, marketing, development, and servicing company for defendant Wyndham Resort.

10. Defendant Tempus Palms International, Ltd. ["Tempus Palms"] is a Florida corporation or other jural entity with a principal place of business at 7900 Palms Parkway, Kissimmee, Florida 34747. At all times material hereto, Tempus Palms, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

11. Defendant Tempus Palms International, Ltd. ["Tempus Palms"] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road Suite 600, Orlando, Florida 32819. At all times material hereto, Tempus Palms, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

12. Defendant Tempus Palms International, Inc. ["Tempus Palms, Inc."] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road Suite 600, Orlando, Florida 32819. At all times material hereto, Tempus Palms, Inc., in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

resort where the subject accident that gives rise to this action took place.

13. Defendant Tempus Palms International, Inc. ["Tempus Palms, Inc."] is a Florida corporation or other jural entity with a principal place of business at 7900 Palms Parkway, Kissimmee, Florida 34747. At all times material hereto, Tempus Palms, Inc., in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

14. Defendant Tempus Resorts 2001, Ltd., ["Tempus 2001"] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road, Orlando, Florida 32819-5248. At all times material hereto, Tempus 2001, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

15. Defendant TPI Holdings, LLC ["TPI"] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road Suite 600, Orlando, Florida 32819. At all times material hereto, TPI, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

16. Defendant TPI Holdings, Inc. ["TPI Inc."] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road Suite 600, Orlando, Florida 32819. At all times material hereto, TPI Inc., in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

17. Defendant Tempus Resorts Management, Ltd. ["Tempus Resorts"] is a Florida

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road Suite 600, Orlando, Florida 32819. At all times material hereto, Tempus Resorts, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

18. Defendant Tempus International Marketing Enterprises, Ltd. ["Tempus Marketing"] is a Florida corporation or other jural entity with a principal place of business at 7380 W. Sand Lake Road, Suite 600, Orlando, Florida 32819. At all times material hereto, Tempus Marketing, in conjunction with all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

19. Defendant John Doe Companies (1-10) d/b/a Wyndham Palms Resort and Country Club ["Resort"] is a Florida corporation or other jural entity with a principal place of business at 7900 Palms Parkway, Kissimmee, Florida 34747. At all times material hereto, Resort, in conjunction all defendants, developed, owned, possessed, controlled, operated, and/or managed the Wyndham Palms resort where the subject accident that gives rise to this action took place.

## STATEMENT OF FACTS

20. Ashley Marie Grohoski, deceased, was born on February 11, 1996 and died on August 21, 2002 at the age of six years.

21. On August 21, 2002 at approximately 5:00 p.m., Ashley Marie Grohoski was struck in a parking lot of the Wyndham Palms Resort and Country Club by a motorized golf cart operated by Gloria Mejia, an agent, servant and/or employee of all defendants.

22. Said agent, servant and/or employee was acting within the course and within the scope of her employment at the subject resort; moreover, as per the custom and practice of all defendants, she was

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

functioning simultaneously as the operator of an eight-person golf cart, a dangerous instrumentality, and as a tour guide for approximately five resort guests.

23. Said agent, servant and/or employee admitted to investigating police officers that she was interacting with her guests while she was driving the tour cart, including in the seconds prior to the impact, thereby failing to keep a proper lookout for pedestrians, including young children.

24. Moreover, said agent, servant and/or employee was operating the tour cart in a manner and along a pathway where she knew or should have known that the tour cart would be dangerously close to pedestrians, especially young children, disembarking from their vehicles.

25. Said agent, servant and/or employee either violated resort policies and procedures by operating the tour cart along a pathway that was dangerously close to parked vehicles and, accordingly, minor pedestrians or, alternatively, all defendants, jointly and severally, failed to have appropriate safety policies and procedures in place to prevent such an occurrence from happening.

26. Ashley Marie Grohoski was pinned beneath the golf cart, was caused to suffer grievous and traumatic injuries, was flown by helicopter to Orlando Regional Medical Center and, after unspeakable pain and suffering, succumbed to her injuries and death on August 22, 2002.

27. At the time all defendants' agents, servants and/or employees struck plaintiffs' decedent, plaintiffs' decedent was in the temporary custody of Donna M. Fisher, who was acting as a chaperon.

28. As driver/tour guide, all defendants' agent, servant and/or employee failed to maintain a proper lookout and otherwise carelessly operated the golf cart in such a fashion that she was unable to timely apply the brake and/or avoid direct impact with Ashley Marie Grohoski.

29. As more particularly set forth herein, all defendants' mode of operation, to wit, using golf carts, and the carts' drivers, to conduct visitors' tours of the resort facility in areas and along pathways

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

where it was foreseeable that young children would be present, including those disembarking from their vehicles, constituted an unsafe and reckless practice and an extraordinarily dangerous condition on the premises for which there was no adequate warning.

30. This mode of operation amounted to reckless indifference to the safety of others on the premises, including young children, and it was a direct and proximate cause of the injuries and death of Ashley Grohoski, deceased.

31. The injuries and death of Ashley Marie Grohoski, deceased, were caused by the acts and omissions of all defendants as set forth herein and were in no way caused or contributed to by any acts or omissions of Ashley Grohoski, a minor.

32. At all times material hereto, all defendants, acted by and through its agents, servants and employees, including actual, apparent and/or ostensible agents, some of whom at the present time may be known only to these defendants and cannot be known to plaintiffs without the benefit of discovery.

33. It is specifically averred that all defendants had actual and/or constructive knowledge of the dangerous condition on the resort premises posed by the golf/tour cart mode of operation.

## COUNT I - NEGLIGENCE
### Plaintiffs v. All Defendants

34. The above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

35. The injuries and death suffered by Ashley Marie Grohoski are attributable to and the direct result of the negligence and fault of defendants Wyndham International, Tempus, Vacation Ownership, Wyndham Resort, Tempus Palms, Tempus Palms, Inc., Tempus Resorts, TPI, TPI Inc., Tempus 2001, Tempus Marketing, Wyndham Palms, and Resort, their agents, servants, employees and/or representatives acting in the course and within the scope of their employment, including, without

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

limitation:

    (a)    failing to properly train tour guides for the safe operation of golf carts;

    (b)    failing to have adequate policies, procedures, and guidelines regarding premises safety;

    (c)    failing to warn invitees about golf cart tours being conducted in areas where it was foreseeable that young children would be present;

    (d)    failure to operate the premises safely for the activities for which it is regularly used;

    (e)    failure to operate the premises safely for the activities for which it is intended to be used;

    (f)    failure to operate the premises safely for the activities for which it may reasonably have been foreseen to be used;

    (g)    failure to consider the essential safety elements for a motorized golf cart tour of a resort;

    (h)    failure to equip tour guides with the necessary accessories to conduct tours and simultaneously safely operate golf carts;

    (i)    failure to conduct tours in a manner that accommodated the known likelihood that young children would be present in the vicinity;

    (j)    failure to warn of a dangerous condition on the premises arising from golf carts being operated by drivers who were simultaneously responsible for conducting tours;

    (k)    failure to safely operate a motorized golf cart;

    (l)    failure to keep a proper lookout when operating a motorized golf cart;

    (m)    failure to equip golf carts for safety during tours;

    (n)    failure to use golf carts for the activity for which they were designed and intended;

    (o)    failure to take all of the necessary steps to ensure that the premises would be safe for its intended users;

(p) failure to warn invitees of the unsafe conditions on the premises;

(q) failure to exercise reasonable care in conducting resort tours, thereby creating a condition inherently dangerous to Ashley Grohoski and other children on the premises;

(r) failure to adopt safe policies and procedures applicable to resort tours;

(s) failure to properly train tour guides in the safe operation of golf carts;

(t) failure to cure the premises of its defective and dangerous condition;

(u) failure to design the tour routes to accommodate the safety needs of invitees on the premises;

(v) failure to operate the golf cart at a safe speed;

(x) failure to design the premises and tour routes to accommodate the safety needs of young children;

(y) failure to warn parents and/or chaperons that the premises' design and tour routes posed grave risks to children;

(z) inviting young children onto property that was inherently dangerous;

(aa) failure to warn of foreseeable risks to intended users of the premises;

(bb) failure to warn of known risks to intended users of the premises;

(cc) failure to take actions to reduce, minimize, or eliminate foreseeable risks;

(dd) imposing an inherently unsafe mode of operation at the subject facility;

(ee) failure to take reasonable precautions so as to minimize or eliminate the likelihood of a dangerous condition; and

(ff) failure to maintain the premises in a reasonably safe condition and to warn invitees of latent perils which were known or should have been known.

### FIRST CAUSE OF ACTION -- WRONGFUL DEATH
### Plaintiffs v. All Defendants

36. The previous paragraphs are fully incorporated herein by reference.

11

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

37. The plaintiffs bring this action on behalf of all beneficiaries under and by virtue of the applicable wrongful death statute and the rules of procedure and decisional law related thereto.

38. Ashley Marie Grohoski left surviving her the following persons who may be entitled to recover for damages and it is on their behalf that this action is brought:

Thaddeus William Grohoski [surviving natural father]

Stephanie Ann Weller [surviving natural mother]

39. As a result of the negligent acts and omissions of defendants, and including all of the foregoing averments, plaintiffs' decedent was caused grave injuries and death resulting in the entitlement to damages by said beneficiaries under the applicable wrongful death statute and the rules of procedure and decisional law related thereto.

40. The plaintiffs, Co-Administrators of plaintiff-decedent's estate, claim all administrators' expenses recoverable under the applicable wrongful death statute and/or the applicable rules of procedure and decisional law.

41. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for monetary support that decedent would have provided to the beneficiaries during her lifetime, including, but not limited to, the support provided or which could have been expected to have been provided to the beneficiaries.

42. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for services provided or which could have been expected to have been performed in the future by decedent.

43. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for loss of society and comfort and, to the extent permitted under the applicable law, for the mental anguish, pain and suffering associated with the loss of their six-year old daughter.

44. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for the loss of companionship, comfort, society, guidance, solace and protection of decedent.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

45. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for all pecuniary loss suffered by the beneficiaries.

46. The plaintiffs claim all other expenses arising from Ashley Marie Grohoski's injuries and death, including funeral and burial expenses.

47. On behalf of the wrongful death beneficiaries, the plaintiffs claim damages for the full measure of damages allowed under the applicable wrongful death statute and decisional law interpreting said statute.

WHEREFORE, plaintiffs demand damages against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits under the applicable wrongful death statute, exclusive of prejudgment interest, post-judgment interest, and costs.

### SECOND CAUSE OF ACTION - SURVIVAL ACTION
**Plaintiffs vs. All Defendants**

48. The previous paragraphs are incorporated herein.

49. The plaintiffs bring this survival action on behalf of the Estate of Ashley Marie Grohoski, deceased, under and by virtue of the applicable survival act, and rules of procedure and decisional law related thereto.

50. The persons entitled to the Estate of Ashley Marie Grohoski are her natural parents, Thaddeus William Grohoski and Stephanie Ann Weller.

51. As a result of the acts and omissions of defendants, the negligence, carelessness and fault of defendants, and including the foregoing averments, plaintiffs' decedent was caused grave injuries and death resulting in the entitlement to damages under the applicable survival act and the rules of procedure and decisional law related thereto.

52. The plaintiffs claim loss of earnings and economic loss to decedent's estate, including, but not limited to, decedent's total estimated future earning power less her cost of personal maintenance, as a result of decedent's death.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

53.   To the extent allowable under the applicable law, the plaintiffs claim damages for the pain and suffering endured by decedent prior to her death, including, but not limited to, physical pain and suffering, mental pain, suffering, and anguish and the fright and mental suffering attributed to the peril leading to decedent's death.

54.   The plaintiffs claim the full measure of damages under the applicable survival act and decisional law interpreting said act.

WHEREFORE, plaintiffs demand damages against defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) Dollars, and in excess of the prevailing arbitration limits under the applicable survival act, exclusive of prejudgment interest, post-judgment interest and costs.

### THIRD CAUSE OF ACTION - - PUNITIVE DAMAGES
### Plaintiffs vs. All Defendants

55.   The previous paragraphs are fully incorporated herein by reference.

56.   As set forth herein, all defendants, had actual and/or constructive knowledge of the dangerous condition on the Wyndham Palms premises posed by tour guides operating dangerous instrumentalities - - eight-person golf carts - - while conducting tours simultaneously and of the unreasonable and potentially catastrophic safety risks posed by said mode of operation, particularly to young children.

57.   This mode of operation amounted to reckless indifference to the safety of others on the premises, particularly including young children, and it was a direct and proximate cause of the injuries and death of Ashley Grohoski, deceased.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

58. The foregoing conduct entitles plaintiffs to seek punitive damages from all defendants.

WHEREFORE, plaintiffs demand punitive damages from all defendants.

                        KLINE & SPECTER
                        A Professional Corporation

BY: _____
THOMAS R. KLINE
MATTHEW A. CASEY
I.D. Nos. 28895/84443
Attorneys for Plaintiffs
1525 Locust Street
The Nineteenth Floor
Philadelphia, PA 19102
(215) 772-1000

                           AND

           FOX ROTHSCHILD O'BRIEN & FRANKEL, LLP
BY:   JOHN A. ROTHSCHILD
       I.D. No. 20464
       Attorney for Plaintiffs
       2000 Market Street, Tenth Floor
       Philadelphia, PA 19103-3291

15